## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

CHAD MATTHEWS,                    )
                                  )
                  Petitioner,     )
                                  )
v.                                )        Case No. CIV-08-307-M
                                  )
REBECCA TAMEZ,                    )
                                  )
                  Respondent.     )

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner appearing pro se, has filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241, challenging the execution of his sentence. The matter has been referred to the undersigned for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In accordance with Rule 4 of the Rules Governing Section 2254 Cases,[1] the Court has reviewed the petition and because this Court lacks jurisdiction over Petitioner's custodian, it is recommended that this case be transferred to the United States District Court for the Northern District of Texas.

**BACKGROUND**

Pursuant to the order entered March 28, 2008, Petitioner was advised that he had neither paid the $5 filing fee nor filed an application for leave to proceed *in forma pauperis.* Further, he was advised that from the face of the petition, it appeared this court lacked jurisdiction over this action. Accordingly, Petitioner was instructed that he must either pay the $5 filing fee or file an application for leave to proceed *in forma pauperis* or, in lieu of either of those two options, he could choose to dismiss this action

---

[1] *See* Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts (authorizing application of the rules to other habeas actions such as the instant case, in the court's discretion). *See also Boutwell v. Keating,* 399 F.3d 1203, 1210 n.2 (10th Cir. 2005).

and refile it in the proper court.  On April 2, 2008, the Court received Petitioner's $5 filing fee.

## PETITIONER'S CLAIMS

Petitioner was convicted in Count 1 of conspiracy to possess with intent to distribute and to distribute marijuana, a schedule I controlled substance and in Count 2 of possession of a firearm and ammunition, in the United States District Court for the Western District of Oklahoma, for which he was sentenced to 60 months and 24 months respectively, all such terms to be served concurrently.  *See United States of America v. Matthews*, Case No. CR-06-241-T.  Petitioner claims that the Bureau of Prisons violated his rights by not rewarding him a one year sentence reduction for completing the 500 hour residential drug abuse program.  Petition at 4.  Further, Petitioner claims that the Bureau of Prisons failed to comply with a recent Ninth Circuit "decision to grant firearms-related crimes eligibility for the 3621(e) release."  Petition at 5.

## ANALYSIS

To grant habeas relief, the Court must have jurisdiction over the Petitioner's custodian.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).  Petitioner is now and was at the time the petition was filed, incarcerated at FCI Fort Worth in the State of Texas, where his custodian is Respondent, Rebecca Tamez, warden of the facility.[2]  The Warden of FCI Fort Worth, although a proper respondent, is outside this Court's territorial jurisdiction.  *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 495 (1973) (habeas jurisdiction requires "that the court issuing the writ have jurisdiction over

---

[2]*See* Federal Bureau of Prisons Inmate Locator at www.bop.gov.

the custodian"). Rather than recommending dismissal, because Petitioner has paid the filing fee, the undersigned recommends the action be transferred to the United States District Court for the Northern District of Texas which has jurisdiction over Respondent. 28 U.S.C. § 124(a).

### RECOMMENDATION

Accordingly, it is recommended that this matter be transferred to the United States District Court for the Northern District of Texas. Petitioner is advised that any objection to this Report and Recommendation must be filed with the Clerk of this Court by the 30th day of April, 2008, in accordance with 28 U.S.C. § 636 and Local Rule 72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 10th day of April, 2008.

**BANA ROBERTS**
**UNITED STATES MAGISTRATE JUDGE**